IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

D.R. HORTON, INC. and DRH
SOUTHWEST CONSTRUCTION, INC.,

    Plaintiffs,

v.                                                                                Civ. No. 1:13-cv-01207

MOUNTAIN STATES MUTUAL CASUALTY CO.,

    Defendant.

**D.R. HORTON, INC.'S AND DRH SOUTHWEST CONSTRUCTION, INC.'S
COMPLAINT AGAINST MOUNTAIN STATES MUTUAL CASUALTY CO.
FOR BREACH OF THE NEW MEXICO UNFAIR INSURANCES PRACTICES ACT,
BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND
FAIR DEALING, BREACH OF THE UNFAIR PRACTICES ACT,
BREACH OF FIDUCIARY DUTY, AND JURY DEMAND**

For their Complaint against Defendant Mountain States Mutual Casualty Company, Plaintiffs D.R. Horton, Inc., and DRH Southwest Construction, Inc., by and through their counsel, Landry & Ludewig, L.L.P., hereby state as follows.

**I.    PARTIES AND JURISDICTION**

1.    D.R. Horton, Inc. is a Delaware corporation and its wholly owned subsidiary, DRH Southwest Construction, Inc., is a California corporation.  Both have their principal place of business in Texas and are registered to do business in the State of New Mexico in the homebuilding industry.  D.R. Horton, Inc. owns the land on which residential dwellings are built and then sells the completed residential dwellings with the property to homeowners, and DRH Southwest Construction, Inc. is the company who holds a general contractor's license and, with D.R. Horton, Inc., enters into various contracts and subcontracts for construction of the residential dwellings.  D.R. Horton, Inc. and DRH Southwest Construction, Inc. will be referred to collectively herein as Horton, as parties who have the same interest in this

Complaint and complain of the same conduct, which conduct was directed to both D.R. Horton, Inc. and DRH Southwest Construction, Inc.

2. Defendant Mountain States Mutual Casualty Company (Mountain States) is a corporation with its citizenship in New Mexico, as its state of incorporation and principal place of business is in New Mexico. Mountain States issues insurance policies, including the one at issue in this case, in Bernalillo County, New Mexico, the claims stated herein arose in New Mexico, and this Court has personal jurisdiction over Mountain States.

3. Under 28 U.S.C. § 1332 (2006), this Court has diversity jurisdiction and venue over the claims herein, which arise in New Mexico, in that the sum or value in controversy exceeds $75,000, exclusive of interests and costs, and the civil action is between citizens of different states.

## II.   GENERAL FACTS

4. As part of its home development activities in Las Cruces, New Mexico, Horton as the property owner and home builder in Avalon Park contracted with a variety of contractors and subcontractors to assist in the construction of its homes.

5. Among other things, with respect to providing framing carpentry work and window installation, Horton subcontracted with Darrell Julian Construction, Inc. As part of the contract with Horton, Darrell Julian Construction, Inc. had to obtain comprehensive general liability insurance to insure its work, both on-going and as a completed operation, and had to include Horton on the policy as an additional or co-insured.

6. Without the commitment to procure the necessary and required commercial comprehensive general liability insurance naming Horton and its affiliates as additional insureds and providing primary insurance coverage, Darrell Julian Construction, Inc. would

not have been the contractor providing framing carpentry work and installing windows under an independent contractor contract with Horton.

7. Mountain States was the carrier that provided to Darrell Julian Construction, Inc. (as required under Darrell Julian Construction, Inc.'s independent contractor contract with Horton) the insurance that provided Horton insurance, as additional insureds, under a commercial insurance policy with comprehensive general liability coverage that covered Darrell Julian Construction, Inc.'s work in connection with certain homes built by Horton in Avalon Park, Las Cruces, New Mexico (the "Policy").

8. Upon information and belief, the Policy was issued to Darrell Julian Construction, Inc., through Manuel Lujan Insurance Agency, a local agent of Mountain States, in New Mexico. At all times pertinent to this Complaint, Manuel Lujan Insurance Agency was acting as Mountain States' agent with the authority of Mountain States, and Mountain States is vicariously liable for the conduct of Manuel Lujan Insurance Agency relating to the claims herein.

9. In addition to Mountain States' contractual obligations under the Policy, the New Mexico Insurance Unfair Practices Act, NMSA §§ 59A-16-1 through 59A-17-36 (Insurance Unfair Practices Act), imposes additional obligations on Mountain States. Under NMSA 1978, § 59A-16-20, the Insurance Unfair Practices Act provides that an insurer, such as Mountain States cannot knowingly commit, or perform such acts with such frequency as to indicate a general business practice, the following acts (among others):

    A. Misrepresenting to an insured pertinent facts and policy provisions relating to the coverage at issue;

    B. Failing to acknowledge and act reasonably promptly upon communications with respect to claims from an insured arising under policies;

C. Failing to adopt and implement reasonable standards for the prompt investigation and processing of an insured's claims arising under policies;

D. Failing to affirm or deny coverage of claims of an insured within a reasonable time after proof of loss requirements under the policy have been completed and submitted by an insured;

\* \* \*

N. Failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

10. As well, New Mexico law provides that Mountain States has a fiduciary duty to the insured. *See, e.g., Allsup's Convenience Stores, Inc. v. North River Insurance Company*, 1999-NMSC-006, ¶ 37, 976 P. 2d 1 (fiduciary duty exists due to the fiduciary obligations inhering in the insurance relationship and concerns arising from the bargaining position typically occupied by the insured and the insurer).

11. Mountain States is obligated as a fiduciary with respect to its duty to defend Horton. *See American General Fire and Casualty Co. v. Progressive Casualty Co.*, 1990-NMSC-094, 799 P. 2d 1113. "When an insurance company acts on behalf of the insured in the conduct of litigation and the settlement of claims, it assumes a fiduciary relationship." *Chavez v. Chenoweth*, 1976-NMCA-076, ¶ 43, 553 P. 2d 703. Accordingly, an insurer takes on the mantle of a fiduciary to its insured in matters pertaining to the performance of its obligations under the insurance contract. *Azar v. Prudential Insurance Co. of America*, 2003-NMCA-062, ¶ 54, 68 P. 3d 909.

12. New Mexico's courts recognize a fiduciary duty in the context of insurance "because of the fiduciary obligations inhering in insurance relationships and because of

concerns arising from the bargaining position typically occupied by the insured and insurer." *Romero v. Mervyn's*, 109 N.M. 249, 255 n. 3, 784 P. 2d 992, 998 n.3 (1989). "A fiduciary relationship exists when a special relationship has been placed in one party who in equity and good conscience is bound to act in good faith and with due regard to the interests of the other party." *Azar*, 2003-NMCA-062, ¶ 54, 68 P. 3d 909.

13. Given that "whether express or not, every contract imposes on the parties a duty of good faith and fair dealing in its performance and enforcement" (*Watson Truck & Supply Co. v. Males*, 1990-NMSC-105, ¶ 12, 801 P. 2d 639), the standard for a fiduciary is even higher: "Many forms of conduct permissible in a workaday world for those acting at arm's length are forbidden to those bound by fiduciary ties …. Not honesty alone, but the punctilio of an honor most sensitive, is then the standard of behavior." *Walta v. Gallegos Law Firm*, 2002-NMCA-015, ¶ 40, 40 P.3d 449, *quoting Meinhard v. Salmon*, 249 N.Y. 458, 164 N.E. 545, 546 (1928).

14. As a fiduciary, an insurance company is not permitted to parse a complaint and restrict its duty to defend by focusing on allegations that are arguably outside the scope of coverage. To the contrary, if any allegations in the complaint, or facts known but not plead, reasonably implicate an occurrence covered under the insurance policy, the duty to defend is triggered. What is more, once triggered, Mountain States' obligation to defend encompasses the entire lawsuit, not simply the portions of counts that the insurer maintains are covered events. "The insurer is under the duty to defend the insured in the primary action until a court finds that the insurer is relieved of liability under the noncoverage provision of the policy." *Foundation Reserve Insurance Co. v. Mullenix*, 1982-NMSC-038, ¶ 12, 642 P.2d 604.

15. Mountain States has a duty to make a reasonably prompt investigation of all relevant facts, and if the insurance company cannot give to its insured within a reasonable

time a valid reason for denying the claim, it has a duty to promptly honor it. *See, e.g., Jessen v. National Excess insurance Co.*, 1990-NMSC-040, 776 P.2d 1244. New Mexico law also prohibits denial of a claim when investigation methods have not produced results of sufficient reliability or conclusiveness to justify the denial of the claim. *Id.*

### III. HORTON'S PRESENTATION OF CLAIM, TENDER OF DEFENSE IN UNDERLYING SUIT AND MOUNTAIN STATES' DUTY TO DEFEND

16. In the course of the building of a Horton home located at 2094 North Briarwood Lane, Avalon Park, Las Cruces, New Mexico, on or about March 5, 2007, Martin Garcia, an employee of the roofing subcontractor, Western Enterprises, injured himself when he lost his balance on the ladder upon which he was standing and, according to his claim, he allegedly sought to stabilize himself by grabbing an adjacent window frame that he alleged yielded and detached and caused him to fall to the ground with the window frame.

17. In September 2008, Mr. Garcia, through his counsel, wrote to Horton and presented a claim regarding his alleged injury and seeking compensation.

18. Horton's counsel responded to Mr. Garcia's counsel and, following some investigation, gave notice of Mr. Garcia's claim to Mountain States as Horton had identified Darrell Julian Construction, Inc. as the contractor responsible for the framing and window installation at 2094 North Briarwood Lane.

19. By letter dated September 28, 2008 to the Manual Lujan Insurance Company, Horton, through its counsel, Landry & Ludewig, L.L.P., provided Mountain States a certificate of liability issued to Darrell Julian Construction, Inc. that identified Horton as an additional insured under the commercial general liability policy issued by Mountain States to Darrell Julian Construction, Inc. and tendered Horton's formal request for a defense as an additional

insured under the Policy as well as enclosed the letter correspondence by and between Horton, its counsel and Mr. Garcia's counsel.

20. By letter dated October 10, 2008, Mountain States acknowledged receipt of Horton's tender for a defense against the claims of Mr. Garcia and declined its acceptance until Mountain States performed further investigation. Toward that end, Mountain States requested information from Horton to include, but not limited to, Horton's contracts with Darrell Julian Construction, Inc.

21. By letters dated October 21, 2008 and November 6, 2008 from its counsel, Horton answered the October 10th letter by indicating that Mountain States was basically in the same position as Horton with respect to background on the claims of Mr. Garcia and by providing the independent contractor agreement that Darrell Julian Construction, Inc. entered into with Horton. Horton, through its counsel, followed-up by letter dated December 16, 2008 inquiring about the status of Mountain States' investigation regarding the claims of Mr. Garcia and Horton's tender for a defense as an additional insured under the Policy.

22. Notwithstanding Horton's request as to Mountain States' progress regarding Mountain States' investigation into its duty to defend Horton against the claims of Martin Garcia, Mountain States did not provide any further communication regarding the results of its investigation.

23. On or about January 26, 2010, Martin Garcia filed his complaint for personal injury damages against Horton and naming other defendants as John Does.

24. By letter dated February 8, 2010, Horton provided Mountain States a copy of Mr. Garcia's complaint, recounted its September 28, 2008 letter notifying Mountain States of Mr. Garcia's claim, once again requested Mountain States' acceptance of Horton's tender for

a defense and, as well, identified Landry & Ludewig, LLP as counsel that would be defending Horton with reimbursement by Mountain States.

25. Mountain States did not respond seasonably to the February 8, 2010 letter.

26. On or about February 22, 2010, Mr. Garcia filed his first amended complaint specifically naming Darrell Julian Construction, Inc. as a defendant along with Horton.

27. Only then did Mountain States by letter dated March 10, 2010 informed Horton that it had retained counsel to represent "our insured", Darrell Julian Construction, Inc., which counsel would also be providing a limited defense for Horton with respect to claims by Mr. Garcia alleging vicarious liability against Horton for the acts of Darrell Julian Construction, Inc.

28. By letter dated March 15, 2010, Horton, through its counsel, informed Mountain States that it could not limit its duty to defend Horton under a misplaced reliance on New Mexico's anti-indemnity statute and as well could not retain the same counsel to defend Darrell Julian Construction, Inc. as Horton. The respective interests of Horton and Darrell Julian Construction, Inc. were in conflict as Horton would be maintaining that safety and any other issues regarding the window and its installation were the responsibility of Darrell Julian Construction, Inc. and not Horton.

29. In an absence of good faith and contrary to any treatment of Horton as Mountain States' fiduciary, Mountain States by letter dated March 22, 2010 through its counsel, responded adversely to Horton's March 15th letter and contrary to existing New Mexico case law regarding Mountain States' duty to defend. Therein, Mountain States took the unsupported stance that Mountain States did not owe a complete defense to its fiduciary, Horton. Further, Mountain States' counsel disingenuously disclaimed the patent conflict of interest that existed between Horton and Darrell Julian Construction, Inc.

30. Mountain States and Horton each reserved their rights to litigate the matter in the future and Mountain States thereafter voluntarily reimbursed Horton as fees were incurred one/third of Horton's cost of defense, leaving Horton to argue in the future that Mountain States was responsible for the remaining two-thirds of the fees for Landry & Ludewig, L.L.P., counsel of Horton's choice. It was Horton's position then and is still Horton's position that Mountain States was acting in bad faith by relying on a position unsupported by and contrary to New Mexico law.

31. After litigating the case with Mr. Garcia and prior to trial, Horton, Darrell Julian Construction, Inc., and Mountain States negotiated settlement with Mr. Garcia, which settlement agreement expressly stated that as to Horton and Mountain States neither party waived any claims as to each other.

32. By letter dated September 13, 2013, Horton, through its counsel, made demand on Mountain States to pay $87,461.13, which represented all remaining amounts due and owing by Mountain States to Horton as of that date for the costs and attorney fees incurred by Horton in defending itself against the personal injury damages complaint prosecuted by Mr. Garcia.

33. Mountain States has failed and refuses to pay to Horton all remaining amounts due and owing to Horton for the costs and attorney fees incurred by Horton in defending itself against the personal injury damages complaint prosecuted by Mr. Martin Garcia.

34. An insurance company has the duty to defend the whole complaint, not just the portion of the complaint that comes within insurance coverage. Under New Mexico law, the duty to defend is much broader than the duty of coverage. *See, e.g., Windham v. L.C.I.2, Inc.*, 2012 NMCA 001, 268 P.3d 528; *State Farm Fire & Casualty Co. v. Price*, 1984-NMCA-036, 684 P.2d 524; *Foundation Reserve Insurance Co. v. Mullenix*, 1982-NMSC-038, 642

P.2d 604; *American General Fire & Casualty Co. v. Progressive Casualty Co.*, 1990-NMSC-094, 799 P.2d 1113, 1116. Under New Mexico law, "[a]ny doubt about whether the allegations are within policy coverage is resolved in the insured's favor." *G & G Services, Inc. v. Agora Syndicate, Inc.*, 2000 NMCA 3, ¶ 33, 993 P.2d 75.

35. Mountain States has waived, and is estopped from relying on, any and all exclusions under the Policy or any letter correspondence to avoid or mitigate in any fashion either its duty to defend or indemnify Horton as an additional insured.

36. Mountain States has likewise waived, and is estopped from relying on, any grounds not stated in its letter correspondence, reserved or otherwise, to avoid or mitigate in any fashion either its duty to defend or indemnify Horton as an additional insured.

37. Mountain States is also barred based on the doctrine of laches from relying upon exclusions under the Policy by Mountain States, or from relying upon any other grounds, to avoid or mitigate in any fashion either its duty to defend or indemnify Horton as an additional insured.

38. Mountain States' conduct by its employees and through its agents constitutes callous indifference to the rights of Horton and Mountain States and its employees and agents knew of the potential harm to the interests of Horton but nonetheless utterly failed to exercise care to avoid the harm and, as well, willfully and knowingly violated statutory law governing insurance and trade practices. As such, Horton requests punitive damages and/or treble damages against Mountain States.

39. At all times, upon information and belief, Mountain States' managers or officers possessing managerial capacity engaged in conduct that warrants punitive damages and/or the corporation authorized, ratified or participated in conduct that warrants punitive damages and/or the cumulative effects of the corporate employees demonstrate a culpable mental state

warranting punitive damages and Mountain States is therefore responsible for punitive damages based on such conduct.

## COUNT I

### VIOLATION OF THE INSURANCE UNFAIR PRACTICES ACT

40. All of the preceding paragraphs are incorporated by reference herein.

41. Mountain States has acted knowingly and willfully and as a frequent general business practice engaged in violation of the Insurance Unfair Practices Act, NMSA 1978, §§ 59A-16-1 through 59A-17-36.

42. Such violation proximately caused damages to Horton in an amount to be proven at trial.

## COUNT II

### BREACH OF CONTRACT AND
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

43. All of the preceding paragraphs are incorporated by reference herein.

44. Mountain States' aforementioned conduct constituted a breach of contract and a breach of the covenant of good faith and fair dealing between Mountain States and Horton. Mountain States is further estopped or is otherwise barred from raising, and/or has waived, any exclusions or other rights, reserved or otherwise, that it claims or may claim are applicable in this case.

45. Such breach proximately caused damages to Horton in an amount to be proven at trial.

## COUNT III

## VIOLATION OF THE UNFAIR PRACTICES ACT

46. All of the preceding paragraphs are incorporated by reference herein.

47. Mountain States' conduct and misrepresentations set forth herein constitute a false or misleading written statement or other representation and omission knowingly made in connection with the sale of goods or services in the regular course of Mountain States' trade or commerce, which may, tends to or does deceive or mislead any person, in violation of the Unfair Practices Act, NMSA 1978 §§ 57-12-1 through 57-12-22.

48. Such violation proximately caused damages to Horton in an amount to be proven at trial.

49. Such violation was willful and warrants treble damages.

## COUNT IV

## BREACH OF FIDUCIARY DUTY

50. All of the preceding paragraphs are incorporated by reference herein.

51. Mountain States' conduct constitutes a breach of fiduciary duty to Horton.

52. Such breach proximately caused damages to Horton in an amount to be proven at trial.

WHEREFORE, Plaintiff Horton prays that this Court award against Defendant Mountain States and in favor of Horton compensatory, punitive, and treble damages, prejudgment and post-judgment interest, attorneys' fees and costs, and such further relief as the Court deems just and reasonable under the circumstances.

## JURY DEMAND

D.R. Horton, Inc. and DRH Southwest Construction, Inc., by and through their attorneys, Landry & Ludewig, L.L.P., hereby make demand for a trial by an eight person jury for all issues triable by jury in the above entitled and numbered case.

LANDRY & LUDEWIG, L.L.P.

By: /s/ Stephanie Landry, Attorney at Law
    Stephanie Landry
    Margaret C. Ludewig
    Glenn R. Smith
300 Tenth Street SW
Albuquerque, NM  87102
Telephone:  (505) 243-6100

*Attorneys for D.R. Horton, Inc.
and DRH Southwest Construction, Inc.*